**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO CESAR FERNANDEZ, AKA Julio Cesar-Magana, AKA Julio Cesar Fernandez-Magana, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 17-71969 <br><br> Agency No. A095-588-425 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2019
Pasadena, California

Before:  BEA, COLLINS, and BRESS, Circuit Judges.

Julio Cesar Fernandez, a native and citizen of Mexico, petitions for review

of an order of the Board of Immigration Appeals ("BIA") affirming the

determination of an Immigration Judge ("IJ") that Fernandez is ineligible for

cancellation of removal.  We have jurisdiction under § 242 of the Immigration and

Nationality Act ("INA"), 8 U.S.C. § 1252, and we deny the petition.

On remand from this court in connection with Fernandez's prior petition for

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

review, the BIA in 2017 upheld the IJ's 2011 determination that Fernandez's 1998 conviction for aggravated assault in violation of California Penal Code § 245(a)(1) is a "crime involving moral turpitude" that rendered Fernandez ineligible for cancellation of removal under INA § 240A(b)(1)(C). *See* 8 U.S.C. § 1229b(b)(1)(C); *see also id*. § 1182(a)(2)(A)(i)(I). In reaching this conclusion, the BIA relied on its then-recent published decision in *Matter of Wu*, 27 I. & N. Dec. 8 (BIA 2017), which held that the pre-2012 version of California Penal Code § 245(a)(1) under which Fernandez was convicted was categorically a crime involving moral turpitude. At oral argument, Fernandez agreed that *Matter of Wu* would be entitled to deference under *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984), and in any event, we have expressly so held in *Safaryan v. Barr*, ___ F.3d ___, No. 16-74039 (9th Cir. Sept. 17, 2020). Fernandez nonetheless contends that the BIA's application of *Matter of Wu* to his case is impermissibly retroactive. We disagree.

To determine whether an agency's adjudicatory decision may be applied retroactively, we generally consider the following five factors:

> (1) whether the particular case is one of first impression, (2) whether the new rule represents an abrupt departure from well established practice or merely attempts to fill a void in an unsettled area of law, (3) the extent to which the party against whom the new rule is applied relied on the former rule, (4) the degree of the burden which a retroactive order imposes on a party, and (5) the statutory interest in applying a new rule despite the reliance of a party on the old standard.

*Montgomery Ward & Co. v. FTC*, 691 F.2d 1322, 1333 (9th Cir. 1982) (citation and internal quotation marks omitted). We have held that the first factor, which "is meant to ensure that the party responsible for a change in law receives the benefits of the new rule," is "less relevant" in "the immigration context, in which the government is always a party." *Acosta-Olivarria v. Lynch*, 799 F.3d 1271, 1275 (9th Cir. 2015). Consideration of the remaining factors favors retroactive application of *Matter of Wu* in this case.

In analyzing these factors, Fernandez relies heavily on the fact that, shortly before his offense and conviction under § 245(a)(1), we had held that a different subsection of § 245—namely, § 245(a)(2), involving assault with a firearm—was *not* a crime involving moral turpitude. *Carr v. INS*, 86 F.3d 949, 951 (9th Cir. 1996). But as we noted in *Ceron v. Holder*, 747 F.3d 773 (9th Cir. 2014) (en banc), *Carr* inexplicably (and perhaps unwittingly) departed from long-established, binding Ninth Circuit authority holding that § 245 *as a whole* "'per se' involves moral turpitude." *Id*. at 780 (quoting *Gonzales v. Barber*, 207 F.2d 398, 400 (9th Cir. 1953), *aff'd on other grounds*, 347 U.S. 637 (1954)). As we explained, no "intervening precedent between *Barber* and *Carr*" justified *Carr*'s failure to follow *Barber*. *Id*. at 782. Nonetheless, surveying the substantially changed state of the law as of 2014, we overruled both *Barber* and *Carr*, thereby wiping the slate clean

3

for the BIA to re-examine the issue. *Id*. at 781–82. The BIA subsequently did so in *Matter of Wu*.

Against this backdrop, we conclude that the *Montgomery Ward* factors strongly favor retroactive application of *Matter of Wu* to Fernandez's case. Given the obvious conflict between *Barber* and *Carr*, the relevant law in this area was at best unsettled and the BIA's decision in *Matter of Wu* was not a sharp departure from settled law (factor (2)). *Garfias-Rodriguez v. Holder*, 702 F.3d 504, 521 (9th Cir. 2012) (en banc) (no impermissible retroactivity "if a party could reasonably have anticipated the change in the law such that the new 'requirement would not be a complete surprise'") (citation omitted). For the same reasons, Fernandez could not have placed much reliance on the hope that the uncertainty would be resolved in favor of the view that § 245(a)(1) was *not* a crime involving moral turpitude (factor (3)). Indeed, Fernandez points to no decision from this court or the BIA which had ever held that § 245(a)(1) is not a crime involving moral turpitude.

Moreover, failure to apply *Matter of Wu* here would undermine the interest in uniform application of the law (factor (5)). *Garfias-Rodriguez*, 702 F.3d at 523 (where new decision resolves prior ambiguity, this factor leans in favor of the Government, "because non-retroactivity impairs the uniformity of a statutory scheme, and the importance of uniformity in immigration law is well established"). In this regard, it is notable that our decision in *Ceron*, in remanding the same issue

4

of § 245(a)(1)'s classification to the BIA, expressly contemplated that the resulting decision would be applied in Ceron's case, *see* 747 F.3d at 785, and in that sense it would be inconsistent with *Ceron* to decline to apply *Matter of Wu* here.

Although removal is always a "substantial burden" (factor (4)), *Szonyi v. Whitaker*, 915 F.3d 1228, 1236 (9th Cir. 2019) (internal quotation marks and citation omitted), the combined weight of the other considerations warrants application of *Matter of Wu* in resolving Fernandez's case. *See*, *e.g.*, *id.* (permitting retroactive application based on a comparable balance of factors); *Garfias-Rodriguez*, 702 F.3d at 523 (same).

Accordingly, we **DENY** the petition for review.